UNITED STATES DISTRICT COURT                          **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
TORY BURCH LLC and RIVER LIGHT V,  : 12 Civ. 7422 (HB) (JCF)
L.P.,                              :
                                   :
            Plaintiffs,            :      MEMORANDUM
                                   :      AND  ORDER
    - against -                    :
                                   :
CREATIVE EYEWEAR, INC., d/b/a      :
CREATIVE GROUP, JAMES VOON, FU LIN :
HU, NANCY HU, and DOES 1-10,       :
inclusive,                         :
                                   :
            Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

    Tory Burch LLC and River Light V, L.P. (collectively, "Tory

Burch") bring this action under the Lanham Act, 15 U.S.C. § 1051 et

seq., asserting trademark infringement and related claims against

Creative Eyewear, Inc. ("Creative Eyewear") and a number of

individuals.  Tory Burch    has registered trademarks in what it

calls the "TT Logo":      

as well as variations like:      ⌘  .

(Complaint ("Compl."), ¶¶ 16-17).  In addition, the plaintiff

alleges that it has common law trademark rights in the TT designs

for use in connection with footwear, handbags, eyewear, apparel,

and retail store services.  (Compl., ¶ 18).  According to Tory

Burch, the defendants have distributed eyewear products containing

unauthorized reproductions of the TT designs.  (Compl., ¶ 24).

The parties have submitted letters outlining several discovery disputes, each of which I will consider in turn.

<u>Customer Lists</u>

Tory Burch has propounded two discovery requests designed to obtain identification of Creative Eyewear's customers.  The first is a request for "[d]ocuments sufficient to identify all person(s) to whom you sold disputed products" (Request for Production No. 10), while the second is an interrogatory asking the defendants to "[i]dentify each person(s) to whom you sold the disputed products" (Interrogatory No. 2).  The defendants responded with boilerplate objections to the effect that the requests are "vague, ambiguous, and/or seek the disclosure of information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence."  (Letter of Cindy Chan dated Feb. 25, 2013, at 3).[1]

There is a split of authority with respect to the discoverability of customer lists and similar information in trademark cases.  According to one court, "[i]n Lanham Act cases, the names of the defendant's customers or clients are rarely -- if

_____

[1] The date on the first page of this letter is February 25, 2013, which is also the date that it was transmitted by facsimile. The remaining pages are labeled February 23, 2013.

ever -- revealed." GLOBALAW Ltd. v. Carmon & Carmon Law Office, 452 F. Supp. 2d 1, 62 (D.D.C. 2006) (citing cases); accord J. Lloyd International, Inc. v. Imperial Toy Corp., No. C06-0043, 2007 WL 2934903, at *2 (N.D. Iowa Oct. 5, 2007).  Other courts routinely require the disclosure of customer lists, reasoning that they are relevant to actual confusion, which, in turn, is "compelling proof of likelihood of confusion." Autotech Technologies L.P. v. Automationdirect.com, Inc., 235 F.R.D. 435, 440-41 (N.D. Ill. 2006); see Asch/Grossbardt Inc. v. Asher Jewelry Co., No. 02 Civ. 5914, 2003 WL 660833, at *2-3 (S.D.N.Y. Feb. 28, 2003).

With respect to discoverability generally, the latter cases are more persuasive, and, hence, "'the key issue often is not whether the information will be disclosed, but under what conditions it should be disclosed.'" Asch/Grossbardt, 2003 WL 660833, at *3 (quoting Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 260 (M.D.N.C. 2001)).  In reaching that determination, the court must balance the risk of economic harm to the producing party against the requesting party's need for the information. Id. at *2.  The proper balance can be struck here by requiring that the requested information be disclosed on an attorneys'-eyes-only basis and used only for purposes of the instant litigation, with these conditions subject to modification by agreement of the parties or by further order of

3

the Court.

Product Catalogues

Next, Tory Burch has requested production of "any line guides, look books, catalogues, brochures, or any other types of documents that are sufficient to show the types of products [the defendants] offer." (Letter of Cindy Chan dated March 21, 2013, at 2).[2]  The defendants object on the ground that the "[p]laintiffs' request for records relating to [the] [d]efendants' entire line of products is wholly irrelevant to any claim alleged in [the] [p]laintiffs' [c]omplaint." (Letter of Ripal J. Gajjar dated March 21, 2013 ("Gajjar Letter"), at 3).

Tory Burch's request is indeed overbroad; to the extent that they do not bear marks similar to the plaintiffs', the defendants' products are not implicated in this case.  And, while all of the defendants' sales may in theory be relevant for purposes of calculating overhead, and therefore net damages, that information is more efficiently obtained from the defendants' financial records, not their product catalogues.

Accordingly, the defendants are required to produce only those portions of catalogues and similar documents containing products

---

[2] Although this letter is dated February 25, 2013, on the first page, it was transmitted by facsimile on March 21, 2013, which is also the date appearing on the second page.

4

that display cruciform marks or marks with one "T" shape inverted above another.

<u>Identity of Sales Personnel</u>

The plaintiffs propounded Interrogatories Nos. 2 and 3 seeking the identity of persons at Creative Eyewear who participated in the sale of the disputed products.  (Letter of Cindy Chan dated Jan. 22, 2013, at 2).  The defendants objected that this information is not relevant because it "is not probative in resolving whether the disputed products have caused confusion." (Gajjar Letter at 3). The defendants' response is perplexing.  Nothing could be more probative, for example, than customers' expressions of confusion conveyed to the sales persons about the origin of Creative Eyewear's products.  The sales persons are therefore potential witnesses, and the defendants shall provide the requested information.

<u>Defendants' Discovery Demands</u>

Finally, while the defendants identify certain categories of discovery where they contend that Tory Burch has not provided an adequate response, they acknowledge that "the parties have not had the opportunity to discuss any outstanding discovery demanded by [the] [d]efendants." (Gajjar Letter at 3).  Since there has been no suggestion that such discussions would likely be futile, the failure to meet and confer renders the defendants' application

premature.  <u>See</u> Fed. R. Civ. P. 37(a)(1); <u>Automobile Club of New York, Inc. v. Port Authority of New York & New Jersey</u>, No. 11 Civ. 6746, 2012 WL 4791804, at *6 (S.D.N.Y. Oct. 9, 2012) (holding failure to meet and confer basis for denying motion to compel); <u>Michael Grecco Photography, Inc. v. Everett Collection, Inc.</u>, No. 07 Civ. 8171, 2008 WL 4580024, at *3 (S.D.N.Y. Oct. 14, 2008).

<u>Conclusion</u>

The parties' discovery disputes are resolved as set forth above.  The defendants shall produce the information required by this order no later than April 12, 2013.


SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       April 1, 2013

Copies mailed this date:

Brent H. Blakely, Esq.
Cindy Chan, Esq.
Blakely Law Group
915 N. Citrus Ave.
Hollywood, CA 90038

Joe Z. Zhou, Esq.
Ripal J. Gajjar, Esq.
Law Offices of Joe Zhenghong Zhou & Associates
36-09 Main St., Suite 9B
Flushing, NY 11354